UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIO DIAZ,<br><br>Plaintiff(s),<br><br>v.<br><br>CHASE, et al.,<br><br>Defendant(s). | Case No. 2:19-CV-20 JCM (VCF)<br><br>ORDER |

Presently before the court is Experian Information Solutions, Inc.'s ("defendant") motion to dismiss. (ECF No. 52). Mario Diaz ("plaintiff") filed a response (ECF No. 53), to which defendant replied (ECF No. 54).

Also before the court is plaintiff's motion for leave to file supplemental authority. (ECF No. 55). Defendant responded. (ECF No. 58). Plaintiff has not yet replied, but in light of the court's discussion below, the motion is ready for adjudication.

**I.  Background**

This action arises from alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, and Nevada Revised Statute ("NRS") 598C.130. (ECF Nos. 1, 25). Defendant is a consumer reporting agency ("CRA"), as defined by 15 U.S.C. §§ 1681 et seq. and NRS 598C.100. (ECF No. 1 at 2–3). Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1681a(c) and NRS 598C.040. *Id.* at 2.

On September 12, 2017, defendant provided plaintiff with a FCRA § 1681g consumer disclosure. *Id.* at 14. On June 21, 2018, defendant provided plaintiff with a second FCRA § 1681g consumer disclosure. *Id.* Plaintiff alleges defendant violated the FCRA by failing to disclose (1) all permissible purposes for which soft inquiries were made, (2) when defendant

**James C. Mahan**
**U.S. District Judge**

permits third parties to access credit, (3) "behavioral data" defendant stores about plaintiff, and (4) the sources for plaintiff's addresses and names. *Id.* at 15–20.

Plaintiff filed his complaint on January 3, 2019. (ECF No. 1). After defendant files a motion to dismiss the initial complaint (ECF No. 21), plaintiff filed his first amended complaint ("FAC") (ECF No. 25). On March 27, 2019, defendant filed a motion to dismiss the FAC. (ECF No. 29). The court granted defendant's motion but granted plaintiff leave to amend. (ECF No. 46).

On July 23, 2019, plaintiff filed his second amended complaint ("SAC") (ECF No. 47), which defendant now moves to dismiss (ECF No. 52).

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint

James C. Mahan
U.S. District Judge

- 2 -

alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court grants plaintiff's motion for leave to file supplemental authority. (ECF No. 55). The court notes that plaintiff's supplemental authority, *Ramirez v. TransUnion LLC*, predominantly addresses standing, particularly in the class-action context. *See Ramirez v. TransUnion LLC*, ___ F.3d ____, No. 17-17244, 2020 WL 946973 (9th Cir. Feb. 27, 2020). However, the court already decided that plaintiff sufficiently alleged standing. (ECF No. 46 at 3–4). To the extent the court's prior order is inapposite to the instant motion, the court assumes—without deciding—that plaintiff has standing to bring his claims.

Turning to the merits of the complaint,[1] plaintiff perfunctorily alleges two claims against defendant. (ECF No. 47 at 29–30). Resolving plaintiff's first claim "requires a short journey through an array of statutes (all from Title 15 of the code) with a numbering system . . . that only a lawyer could love." *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007). The

---

[1] The court declines defendant's invitation to treat the SAC as an untimely motion to reconsider and will not apply the law of the case doctrine to bar the SAC. (*See generally* ECF No. 52).

James C. Mahan
U.S. District Judge

- 3 -

"general allegations" in plaintiff's SAC catalogue several violations of two discrete sections of the FCRA—§§ 1681e and 1681g—that he incorporates by reference into a single claim: "violation of 15 U.S.C. § 1681 *et seq.* (FCRA)." (ECF No. 47 at 29).

Plaintiff also scatters various accusations that defendant violated NRS § 598C throughout his general allegations. This smattering of allegations is incorporated by reference to form two causes of action: "violation of Nevada Revised Statutes, NRS § 598C." (ECF No. 47 at 30). Broadly stated, plaintiff continues to allege four purported inaccuracies in violation of 15 U.S.C. § 1681e(b), § 1681g(a)(1)–(3), and NRS 598C.130. (ECF Nos. 1; 25; 47). First, plaintiff argues that defendant failed to provide him with all the permissible purposes for which soft inquiries were made. (ECF No. 47 at 11). Second, defendant purportedly misrepresented when it would permit third parties to access credit. *Id.* Third, defendant supposedly failed to disclose all the "behavioral data" it stores about plaintiff. *Id.* at 12–23. Fourth, plaintiff still claims that defendant failed to disclose the sources for his addresses and names. *Id.* at 24–26.

*A. Section 1681e(b) claim*

As a threshold matter, § 1681e(b) applies to consumer reports, which are "CRA-prepared reports that a CRA issues to third parties. . . ." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 n.3 (9th Cir. 2018). Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares *a consumer report* it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USCS § 1681e(b) (emphasis added).

> The law of this circuit, as well as that of almost all other circuits that have addressed the question, supports the following proposition: *If a consumer reporting agency provides a report based on a reasonable expectation that the report will be put to a use permissible under the FCRA, then that report is a "consumer report" under the FCRA and the ultimate use to which the report is actually put is irrelevant to the question of whether the FCRA governs the report's use and the user's conduct.*

*Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1274 (9th Cir. 1990) (emphasis in original). "The language of § 1681b does not expand the definition of a consumer report; it

instructs the CRAs on when it is permissible to furnish a consumer report." *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1124 (D. Nev. May 14, 2008).

"[T]o sustain either a § 1681e or a § 1681i claim, a consumer must first 'make a prima facie showing of inaccurate reporting by the CRA.'" *Shaw*, 891 F.3d at 759 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)); *see also Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (To bring a § 1681e claim, the "consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information."). Although § 1681e refers to "maximum possible accuracy" rather than mere technical accuracy, "this does not relieve [plaintiffs] of the burden to prove that the inaccuracy is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Shaw*, 891 F.3d at 757 (quoting *Carvalho*, 629 F.3d at 890).

As defendant notes "it is not even clear from the SAC that [plaintiff] makes a § 1681e(b) claim in the first place." (ECF No. 52 at 6). Plaintiff does not allege any inaccuracy in his credit report. (*See generally* ECF No. 47). Instead, he alleges a variety of technical violations under § 1681g and NRS 598C. *Id.* Thus, the court grants defendant's motion insofar as it pertains to any purported violation of § 1681e(b).

*B. Section 1681g and NRS 598C claims*

Section 1681g of the FCRA provides that "[e]very consumer reporting agency shall, upon request, and subject to section 610(a)(1), clearly and accurately disclose to the consumer . . . [a]ll information *in the consumer's file* at the time of the request." 11 U.S.C. § 1681g(a)(1) (emphasis added). The Ninth Circuit has unambiguously held that "[a] consumer's file includes 'all information on the consumer that is recorded and retained by a CRA that might be furnished, or has been furnished, in a consumer report on that consumer.'" *Shaw*, 891 F.3d at 759 (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711–12 (3rd Cir. 2010)).

In *Shaw*, the Ninth Circuit held that "[a] consumer's file includes all information . . . that might be furnished, or has been furnished, in a consumer report on that consumer." *Shaw*, 891 F.3d at 759 (citations omitted). But this does not open the door for every shred of information to

be included in a consumer disclosure simply because there is some slight chance it might someday be in a consumer report: "A more reasonable view . . . would require some showing . . . that [the CRA] included similar information in a consumer report in the past or that it plans to do so in the future." *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007).

As the Seventh Circuit remarked, "Congress, it seems, chose to limit the right to contest information to material actually contained in consumer reports. And, of course, it was free to draw the line as it did." *Id.* at 910. Thus, § 1681g requires CRAs to disclose only information that has previously been, or might be, included in a consumer report, as distinct from a consumer disclosure. *See Foskaris v. Experian Information Solutions, Inc.*, No. 17-cv-506-KJD-PAL, 2018 WL 3381394 at *3 (D. Nev. Mar. 21, 2018) (holding Section 1681g only applies to information that has been, or might be, included in a consumer report, not a consumer disclosure).

Plaintiff urges an expansive reading of § 1681g. Plaintiff contends that any information in a consumer disclosure *might* be included in a consumer report. Thus, by plaintiff's estimation, all information that defendant has on plaintiff might appear in a consumer disclosure. Any of that information might appear in a consumer report, and so all of that information must be included in a § 1681g disclosure.

Plaintiff's argument is unavailing. Plaintiff makes no showing that defendant included similar information in a consumer report in the past or that it plans to do so in the future. Plaintiff makes no attempt to limit the far-reaching scope of his interpretation, which is directly contrary to statute and case law across the country.

   1. *Permissible purpose and misrepresentation claim*

In support of his permissible purpose and misrepresentation claims, plaintiff alleges that "[defendant] explained to [p]laintiff in its Section 1681g disclosures that '[w]e offer credit information about you to those with a permissible purpose,' when in fact on information and belief [defendant] makes such information available to consumers for purposes which are impermissible in nature." (ECF No. 47 at 11). This "information and belief" is not supported by specific facts; instead, it is supported only with the conclusory and speculative allegation that

"information on a consumer disclosure *might* include the soft-inquiry information . . . ." *Id.* at 10–11.

But plaintiff admits that "soft inquiries" are shared only with plaintiff. *Id.* at 9 ("The First and Second Experian Reports contained a list of inquiries shared both with others ('Hard Inquiries') and those purportedly only shared with the Plaintiff ('Soft Inquiries')."). Plaintiff does not allege that soft-inquiry information has ever been shared in a consumer report.

Accordingly, plaintiff's § 1681g and NRS 598C claims fail insofar as they rely on omission of a permissible purpose or misrepresentation thereof.

### 2. *Behavioral data claim*

Plaintiff contends that "[defendant's] failure to disclose *all information it maintained regarding [p]laintiff* caused him to suffer a concrete informational injury." (ECF No. 47 at 22 (emphasis added)). This expansive view of disclosure requirements is supported only by conjectural allegations. For instance, plaintiff contends that certain "score factors" and "[a]dverse [a]ction [r]easons" "*suggest* that 'behavioral' data *can* form the basis of a credit score." *Id.* at 23 (emphasis added). In fact, the only new allegation in plaintiff's complaint on this point is a description of the sort of data that "Alteryx" maintains, which plaintiff alleges suffered a data breach. *Id.* at 13–20.

Plaintiff does not allege that defendant maintains any demographic data on him, that defendant has ever included such data in a consumer report, or that this demographic data has specifically impacted his creditworthiness. As defendant points out, plaintiff "fails to identify any information *about [p]laintiff* that [defendant] stores or transmitted to any third party, much less in connection with a credit, employment, or insurance transaction." (ECF No. 52 at 12 (emphasis in original)). Further, because plaintiff failed to plausibly allege that this information was reported in defendant's consumer reports, the court declines the invitation to expand the definition of a consumer report to include these compilations of behavioral data *See, e.g., Parker v. Equifax Info. Servs., LLC*, No. 2:15-CV-14365, 2017 WL 4003437, at *3 (E.D. Mich. Sept. 12, 2017) ("The accumulation of biographical information from Equifax's products does

James C. Mahan
U.S. District Judge

not constitute a consumer report because the information does not bear on Parker's credit worthiness.").

Accordingly, the court grants defendant's motion as it pertains to plaintiff's behavioral data claim.

### 3. Address and name sources

Defendant is obligated by 15 U.S.C. § 1681g(a)(2), (3), and NRS 598C.130 to disclose relevant information which—upon request—can include the name and address of each person that procured a consumer report and the sources of defendant's information. 15 U.S.C. § 1681g(a)(2) ("Every [CRA] shall, upon request, . . . clearly and accurately disclose to the consumer . . . [t]he sources of the information . . . ."); 15 U.S.C. § 1681g(a)(3) ("Every [CRA] shall, upon request, . . . clearly and accurately disclose to the consumer . . . [i]dentification of each person . . . that procured a consumer report . . . ."); Nev. Rev. Stat. § 598C.130 ("Upon request . . . a [CRA] shall . . . [d]isclose the name of each person who has received from the reporting agency information concerning him . . . .").

Here, plaintiff claims that he cured his source-of-address and source-of-name claim. (ECF No. 53 at 19–20). Plaintiff argues that he "amended his allegations to allege that he properly requested *all* of his Section 1681g disclosures." *Id.* at 9 (emphasis in original). Plaintiff contends that requesting all of his disclosures is sufficient to trigger defendant's duty to disclose the source of its information about him and the names and addresses of whoever procured a consumer report. *Id.* at 20 (emphasizing the "Ninth Circuit's liberal, consumer-oriented interpretation of the FCRA"). But the complaint actually alleges that plaintiff received two reports from defendant that "were properly requested." (ECF No. 47 at 9). Thus, plaintiff alleges, defendant "was obligated to provide all of its Section 1681g disclosures, without limitation, in connection with at least the First Experian Report, as Section 1681j Required [defendant] to make 'all' of the disclosures pursuant to Section 1681g without limitation." *Id.*

This legal conclusion is not entitled to a presumption of truth when considering a motion to dismiss, see *Iqbal*, 556 U.S. at 678–79, and fails to actually allege that plaintiff requested defendant's sources.

James C. Mahan
U.S. District Judge

- 8 -

Accordingly, the court finds that the SAC still fails to state a claim upon which relief can be granted. Defendant's motion to dismiss is granted with prejudice. S*ee Rubke v. Capital Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2006) (holding that a court has particularly broad discretion to dismiss with prejudice when a plaintiff has already amended the complaint).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 52) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplemental authority (ECF No. 55) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's SAC be, and the same hereby is, DISMISSED with prejudice.

The clerk is instructed to enter judgment and close the case accordingly.

DATED March 26, 2020.

_____
UNITED STATES DISTRICT JUDGE